CASES IN THE SUPREME COURT

**TAYLOR vs. CHASE.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an action of damages for the non-compliance of the lessor with his contract of lease, the plaintiff must prove that he had put the defendant in *default*, in one of the modes pointed out by article 1905 of the La. Code, before he can recover.

Where the lessor repairs to and takes possession of the premises in an *unfinished state*, and does not at the time notify the lessor that he would be held responsible for the delay in finishing them, he cannot recover damages sustained by their non-completion.

The fact of the lessee taking possession of the leased premises, does not entitle him to damages sustained by their unfinished state; as it does not amount to a putting in default according to law.

This is an action to recover damages for failing to finish and complete a large Hotel in Pensacola, by the time agreed on in a contract of lease of the premises from the defendant to the plaintiff.

The plaintiff alleges that he leased of the defendant the large Hotel in Pensacola, by public act before H. B. Cenas, for two years, commencing the first of May 1837. That the defendant was bound to have said Hotel fitted up and put in complete order for his reception on the day of the commencement of the lease; having also acknowledged the receipt of one month's rent in advance. The plaintiff further alleges that relying on the faithful performance of the defendant of his part of the contract, he repaired thither on the day agreed on, with his train of servants, assistants, &c., together with his furniture, provisions, supplies, &c., suitable for keeping a large Hotel, as watering place and general resort of travellers and others, during the warm season, &c.; but that on his arrival, to his great disappointment he found that the Hotel was in a very unfinished and incomplete state both as to the principal and appurtenant buildings, and the whole establishment entirely unsuited and unprepared for present occupation; that in consequence of such default he was unable to receive guests or boarders until the 15th July following, whereby he

sustained heavy losses, &c. to wit: $9000, for which he claims judgment as damages :—The defendant pleaded a general denial; and averred that he rented said Hotel to the plaintiff to begin the first of May, 1837; and he was to take it in the state of forwardness it was in on that day, well-knowing its condition; that it was substantially finished but the plaintiff required many alterations which were made at his request, and were the sole cause of the delay of which he complains. He denies that the plaintiff sustained any loss by his guests or boarders quitting or not coming as he expected; but expressly charges that the plaintiff made large profits, to wit: the sum of $10,000 nett profits the first year. He also denies that the plaintiff paid any rents, &c.

Upon these pleadings and issues the cause was tried before the court and a jury.

On the trial the defendant urged that the plaintiff could not maintain his action as he had not put him in default.

Evidence was taken to prove the allegations in the petition, all of which was submitted to the jury, under instructions from the court; one of which was that they must be satisfied from the evidence that the defendant was put *in morâ* before a recovery could be had.

Upon the whole case there was a verdict and judgment for the plaintiff in the sum of $4700; from judgment rendered thereon, after endeavoring to obtain a new trial, the defendant appealed.

*Tho. Slidell & Grymes,* for the plaintiff, argued the case principally on the facts and evidence, and insisted that it turned mainly on the proof adduced which was sufficient to sustain the judgment.

*Preston,* for the defendant and appellant, contended that the action could not be maintained because the defendant had never been put in default, as required by the 1905th article of the Louisiana Code.

EASTERN DIS.
April, 1841.

TAYLOR
vs.
CHASE.

2. The evidence he maintained did not authorize the heavy damages which had been awarded by the jury.

*Bullard, J.* delivered the opinion of the court.

This is an action to recover damages of the defendant resulting from the inexecution of a contract of lease. The object of the contract was a building in Pensacola intended to be used as a Hotel, and the lease which was for two years was to commence on the first of May, 1837. The plaintiff alleges that about that period he proceeded at great expense with his establishment, consisting of domestics, assistants, furniture and provisions to Pensacola, to take possession and open the public house, but found on his arrival that the said Hotel was still in a very unfinished state, and that the whole establishment was wholly unsuited and unprepared for present occupation, and that in consequence of such default the petitioner was unable to receive guests or boarders until the 15th of July, whereby a heavy loss of profits was incurred, and that moreover he sustained losses from the exposure of his furniture and depredations committed upon his provisions. He estimates his damages at nine thousand dollars. It appears that the plaintiff took possession of the building in its unfinished state at the time contemplated by the lease, but that it was not completed until about the middle of July.

The Jury found a verdict for the plaintiff and assessed his damages at $4700, and the defendant appealed.

In an action of damages for the non-compliance of the lessor with his contract of lease, the plaintiff must prove that he had put the defendant in default, in one of the modes pointed out by article 1905 of the La. Code, before he can recover.

Among other grounds urged by the appellant for a reversal of the judgment is this, that it is neither alleged nor proved that the defendant had been put legally in default before the institution of the present suit, and consequently the plaintiff cannot recover damages. The jury was instructed that in order to recover in this action it was necessary for the plaintiff to prove, that he had put the defendant in default in one of the modes pointed out in article 1905 of the Civil Code, and that they were to decide from the evidence, whether the defendant was put in default previous to the institution of the

EASTERN DIS.
April, 1841.

TAYLOR
vs.
CHASE.

action. This instruction was clearly correct so far as it relates to the necessity of putting the defendant *in morâ*, and although the question what constitutes such putting in default is one of law, yet the sufficiency of the proof was properly left to the jury. But we are called upon to pronounce upon the sufficiency of such proof. The jury appears to have been satisfied of the fact, having found a verdict for the plaintiff. Ever since the decision of the case of Fenwick vs. Erwin, (6 Martin, N. S. 229,) it has been uniformly ruled by this court that damages cannot be recovered for the violation of a contract without proof of a previous putting in default. In the present case it only remains to inquire what would constitute such previous demand and whether it has been proved.

It is clear that the defendant was not in default either by the terms of the contract itself nor by operation of law; and our only inquiry is, what act of the plaintiff has been shown which according to a just interpretation of the 2d clause of article 1905 of the Code has constituted the defendant *in morâ*, and authorizes the recovery of damages.

A putting in default by the act of the party is clearly defined by the Code.——It is when the party claiming the performance of a contract demands of the other party to carry it into effect which demand may be made either by commencing suit, to enforce the principle obligation, as we understand it, by a demand in writing, by a protest by a notary public or a verbal requisition in presence of two witnesses. In the case before us the lessee repaired to the place and took possession of the house in its unfinished state.——The lessor was not even notified that he would be held responsible for the delay in finishing the house, nothing was done to quicken his proceedings, or hasten the completion of the work. That the plaintiff was not obliged to take possession of the Hotel in its unfinished state, is clear; but having done so he was bound to require of the lessor the completion of the work before he could recover damages for his neglect to do so. The fact that the plaintiff repaired to the spot with his train of assistants and domestics

Where the lessee repairs and takes possession of the premises in an *unfinished state,* and does not at the time notify the lessor that he would be held responsible for the delay in finishing them, he cannot recover damages sustained by their non-completion. The fact of the lessee taking possession of the leased premises, does not entitle him to damages sustained by their unfinished state: as it does not amount to a putting in default according to law.

EASTERN DIS. does not amount in our opinion to a putting in default accord-
April, 1841. ing to the principles of the code.

MITAINE            This view of the case renders it unnecessary to examine
vs.
FERGUSON.    other questions which arose in the progress of the trial.

It is therefore ordered, adjudged and decreed that the judg-
ment of the District Court be reversed, the verdict set aside,
and that the suit be dismissed with costs in both courts.